# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN WILLIAMS, WARDEN,
Appellant,
vs.
SHAWN LEWIS WHITE,
Respondent.

No. 74924

**FILED**

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. The State contends that the district court erred by granting respondent's petition in full. We agree.

In his petition, respondent argued that he was entitled to have credits earned pursuant to NRS 209.4465 deducted from the minimum terms for each of his sentences, which had been aggregated. The district court concluded that, pursuant to the statutory provisions in effect when respondent committed his offenses in 2005, he was entitled to have credits deducted from the minimum terms of his sentences for robbery and conspiracy, but not from his sentence for second-degree murder. *See Williams v. State*, 133 Nev., Adv. Op. 75, 402 P.3d 1260 (2017). Nevertheless, the district court granted respondent's petition in full and directed the Nevada Department of Corrections (NDOC) to deduct credits from the aggregated minimum sentence.

The district court erred when it ordered NDOC to deduct credits from the minimum term of respondent's sentence for second-degree murder because the statute setting forth the sentence for that offense requires that

19-02824

the minimum term be served before an offender is eligible for parole. *See* NRS 200.030(5); *Williams*, 402 P.3d at 1264-65 & n.7; *see also* NRS 213.1212(2) (credits may only be earned to the extent that the credits would be earned had the sentences not been aggregated).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Linda Marie Bell, Chief Judge
     Attorney General/Carson City
     Attorney General/Las Vegas
     Shawn Lewis White
     Eighth District Court Clerk

---

[1] It does not appear that respondent presented any evidence that NDOC could not correctly apply the appropriate credits within his aggregated sentence. Thus, there was no basis to grant that portion of respondent's petition. If the district court concluded that the State failed to adequately respond to appellant's petition, it could have sanctioned the State, but it could not grant the petition for that reason. *See Means v. State*, 120 Nev. 1001, 1020, 103 P.3d 25, 37 (2004).